**Kami ETEMADI, Petitioner,**

v.

**Peter D. KEISLER,\* Acting United States Attorney General, Respondent.**

No. 04–72984.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007 \*\*.

Filed Oct. 15, 2007.

Banafsheh Akhlaghi, Esq., Akhlaghi & Associates, San Francisco, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Ryan Fayhee, Jordan Strauss, Esq., U.S. Dept. of Justice, Washington, DC, for Respondent.

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SILER,*** McKEOWN, and BEA Circuit Judges.

MEMORANDUM ****

Kami Etemadi, an Iranian native and citizen, seeks review of the Board of Immigration Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and deferral of removal under the Convention Against Torture ("CAT"), and the IJ's finding he filed a frivolous asylum application. The IJ made an adverse credibility finding and denied Etemadi's petition. Substantial evidence supports the IJ's adverse credibility finding and the IJ's finding that Etemadi filed a frivolous application for asylum; therefore, we deny the petition.

Where, as here, the BIA affirms the IJ's decision without an opinion, we review the IJ's decision directly. *Li v. Ashcroft*, 378 F.3d 959, 961 (9th Cir.2004). We review an adverse credibility determination for substantial evidence. *Id.* at 962. If the IJ's adverse credibility finding is supported by substantial evidence and goes to the heart of the claims of persecution, we are bound to accept that finding. *Id.* at 964.

■ Substantial evidence supports the IJ's frivolous filing finding. Etemadi submitted forged documents purporting to be a warrant for his arrest and an article about Iranian police killing his brother. He admitted he knew the documents were forged when he filed them. The frivolous filing finding bars Etemadi from ever re-ceiving asylum in the United States. 8 U.S.C. § 1158(d)(4), (6).

Substantial evidence supports the IJ's adverse credibility finding regarding Etemadi's political activity. In addition to filing the forged documents, Etemadi testified falsely about Iranian authorities issuing a warrant for his arrest for political activity and his father's position within the government.

■ Substantial evidence also supports the IJ's adverse credibility finding regarding Etemadi's conversion to Christianity. Etemadi testified inconsistently regarding the timing of his conversion. He also testified evasively when asked into what Christian denomination he had been baptized. The IJ made a specific finding his testimony was untrue. The IJ also made a general finding that all of Etemadi's testimony was rejected. Etemadi's deliberate and knowing filing of forged documents provided the IJ grounds to discount all of Etemadi's testimony.

These forgeries and inconsistencies are substantial evidence to support the IJ's credibility finding because they go to the heart of Etemadi's asylum claim. *Li*, 378 F.3d at 964. We are thus bound to follow the IJ's credibility determination. *Id.* Because Etemadi did not establish he was eligible for asylum, it follows he did not satisfy the more stringent standard of withholding of removal. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Etemadi also failed to meet the standard for CAT relief.[1] *Farah*, 348 F.3d at 1156–57. Unlike *Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001), where there was

---

*** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

**** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Contrary to the government's assertion, we have jurisdiction to consider Etemadi's CAT claim because Etemadi requested reversal of the CAT decision in his brief to the BIA. This request is sufficient for exhaustion purposes. *See Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir.2004).

no dispute petitioner qualified as an object of torture merely because he was a Tamil male, Etemadi claimed he would be tortured only because of his Christian conversion. It was precisely the falsity of his claim of Christian conversion which invalidated his CAT claim.

**PETITION DENIED.**